UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS

QUINCY LEE JYNES

CRIMINAL ACTION

NO: 15-12

SECTION: "J"


**ORDER AND REASONS**

Before the Court is a *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* **(Rec. Doc. 660)** filed by Defendant Quincy Lee Jynes. The United States of America opposed the motion (Rec. Doc. 662). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On June 1, 2018, Quincy Lee Jynes pleaded guilty to the following seven counts charged in a superseding bill of information: (1) conspiracy to use firearms in furtherance of drug trafficking crimes and crimes of violence; (2) conspiracy to commit Hobbs Act robbery; (3) murder through the use of a firearm; (4) Hobbs Act robbery; (5) obstruction of justice; (6) Hobbs Act robbery; and (7) discharging firearms during a drug trafficking crime. Mr. Jynes committed these acts as part of his involvement with a criminal street gang in New Orleans called the Mid City Killers ("MCK"). The U.S. Probation Office

1

recommended a sentencing range of 360 months to life imprisonment. However, the Court sentenced him to 300 months, or 25 years. After serving almost 11 years of his 25-year sentence, Mr. Jynes filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which is commonly known as the compassionate release statute.

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release/sentence reduction] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted his administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. § 3582(c)(1)(A)(i). This reduction must be consistent with applicable policy statements of the Sentencing Commission.

2

§ 3582(c)(1)(A). Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures "the truly exceptional cases that fall within no other statutory category" and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287–88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting his release. *See United States v. Washington*, No. 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020) (Morgan, J.). The U.S. Sentencing Guidelines provide that a reduction should be granted only if the "defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Jynes asserts, and the Government does not dispute, that he exhausted all administrative remedies required by § 3582(c)(1)(A) prior to filing this motion. (Rec. Doc. 660, at 8–9). Therefore, the Court will turn to the merits of the motion.

Under 18 U.S.C. § 3582(c)(1)(A), as modified by Section 603 of the First Step Act, a sentencing court may reduce an imposed sentence upon a showing of extraordinary and compelling reasons. "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v.*

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

*Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, however, provided six categories of extraordinary and compelling reasons in its corresponding policy statement: (1) medical conditions; (2) advanced age; (3) family circumstances; (4) physical or sexual abuse, under certain conditions, while incarcerated; (5) other reasons that "are similar in gravity" to the previous four; and (6) an unusually long sentence. U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2025). Jynes does not argue that his circumstances warrant a sentence reduction due to medical conditions, advanced age, family circumstances, or abuse. Therefore, the Court must determine whether the other reasons he puts forward constitute extraordinary and compelling reasons that are similar in gravity to the others listed.

Jynes urges the Court to grant his motion for compassionate release based on (1) his age at the time he committed the charged offenses, (2) what he argues is an unusually long sentence, and (3) his post-conviction rehabilitation conduct. First, Jynes wants the Court to consider his age at the time he committed the offenses to which he pleaded guilty. The Government notes that Jynes was 25 years old, not a minor or in his teens, when he began committing the offenses for which he was ultimately sentenced, and he was 27 when he was arrested for them. Furthermore, "[b]y that age, he already had three adult felony convictions and two juvenile convictions." (Rec. Doc. 662, at 3).

Jynes cites to the Tenth Circuit's decision in *United States v. Maumau* to support his argument that the Court should grant a sentence reduction based on his

age, but that case is distinguishable from Mr. Jynes's. *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). For one thing, Maumau was only 20 years old when he committed several armed robberies in a single evening. *Id.* at 824. Further, Maumau did not have a criminal record prior to his arrest for these robberies. *Id.* He was ultimately convicted on seven counts associated with the robberies, including three counts for using a gun during a crime of violence in violation of 18 U.S.C. § 924(c). *Id.* The district court sentenced Maumau to 55 years of imprisonment but later granted him compassionate release based on "Maumau's age, the length of sentence imposed, and the fact that he would not receive the same sentence if the crime occurred today." *Id.* at 828. The Tenth Circuit subsequently affirmed this decision. *Id.* at 837.

Jynes's case differs sharply from that of Maumau. As explained above, Maumau was only 20 with no prior record when he committed the crimes for which he was convicted, whereas Mr. Jynes was already in his mid-20s, and he had multiple prior convictions dating back to when he was a juvenile. The Court agrees with the Government that in this case, "Jynes's criminal actions could not be justified as a youthful indiscretion committed by someone who failed to fully understand the consequences of his actions." (Rec. Doc. 662, at 3). More importantly, unlike Maumau, Mr. Jynes admitted to and pleaded guilty to murder. While Maumau threatened violence by using a gun during the robberies, he did not follow through with these threats, and he did not cause any physical injuries during the perpetration of his crimes. *Id.* at 827. Further, in Maumau's case, the district court acknowledged that

5

had he been sentenced at the time he filed the motion for compassionate release, he would have received significantly less time because the stacking provision under § 924(c) had been eliminated. *Id.* at 828.

The same is not true for Mr. Jynes, who would receive the same or a greater term of imprisonment if sentenced today. Finally, in Maumau's case, the court also considered the fact that he had participated "'in over 400 hours of educational and wellness courses' while in prison." *Id.* at 827. When considering the totality of the circumstances—Maumau's age at the time of his offenses, his unusually long sentence, his post-conviction rehabilitation conduct, and an intervening change in the law—the district court found that he had proved extraordinary and compelling reasons that warranted compassionate release. *Id.* at 828.

Here, in contrast, the fact that Jynes was in his mid-to-late 20s when he committed these crimes, including murder, does not constitute an extraordinary and compelling reason for the Court to reduce his sentence. Mr. Jynes also argues that a sentencing disparity exists between him and his co-defendants. However, the Court notes that one reason for this disparity is that Jynes was one of only two of these defendants who pleaded guilty to murdering Oscar Johnson.

Next, Mr. Jynes argues that what he refers to as his "unusually long sentence" justifies a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). However, he does not explain how or why his sentence is unusually long.[2] Instead, he proceeds to

---

[2] The Court notes that Jynes's sentence is not unusually long. Based on a total offense level of 42 and a criminal history category of IV, the guideline range in Mr. Jynes's case was 360 months to life,

6

discuss his rehabilitative efforts while in prison. Jynes asserts that he "has not incurred any convictions or meaningful infractions while in prison these past years" (Rec. Doc. 660, at 12), and he provided seven certificates of courses that he has completed while incarcerated (Rec. Doc. 660-2, at 14–20).

First, abstaining from committing crimes or punishable behavior while incarcerated is the baseline expectation, and therefore, it does not rise to the level of extraordinary or compelling. Similarly, completing seven educational certificates over the course of almost eleven years does not constitute an extraordinary and compelling reason that would justify compassionate release. Instead, the Court agrees with the Government's argument that of the factors Jynes relies on to support his motion, "none of them stands out as unusual, let alone extraordinary and compelling." (Rec. Doc. 662, at 2–3). Moreover, 28 U.S.C. § 994(t) clearly states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and

---

Further, as the Government points out, Jynes could have received a life sentence solely for the murder charge to which he pleaded guilty. Especially when considering that Mr. Jynes pleaded guilty to six other counts in addition to murder, 300 months (25 years) is certainly not unusually long.

compelling reason." The Court commends Mr. Jynes on the progress he has made while incarcerated, but this progress does not justify compassionate release.

Finally, the Government claims that the sentencing factors in 18 U.S.C. § 3553(a) counsel against Mr. Jynes's early release. These sentencing factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a). First, Mr. Jynes began his association with the Mid City Killers in approximately 2010. Mr. Jynes and his fellow MCK members and associates participated in home invasions and robberies that targeted known drug dealers. In May of 2012, Jynes and others went to rob the home of Oscar Johnson, who was purportedly a "large scale drug dealer," of both his drugs and what they believed would be a significant amount of cash. (Rec. Doc. 170, at 4). When Jynes and the others arrived at Johnson's residence, Johnson exited the home and began to run after Jynes pulled a firearm on him. At that point, Jynes and one of his co-defendants chased Johnson and shot him multiple times, resulting in Johnson's death.

Jynes also pleaded guilty to being involved in a shootout with two rivals on Tulane Avenue and to helping one of his co-defendants dispose of another MCK

member's body in the Industrial Canal. Jynes's criminal history consists of more than one violent crime, including homicide. Considering the nature and circumstances of these offenses and Mr. Jynes's history, his 25-year sentence is appropriate and necessary to reflect the seriousness of Jynes's offenses, to promote respect for the law, to provide just punishment for the offenses he committed, to adequately deter future criminal conduct, and to protect the public. At this point, Jynes has been incarcerated for only about 11 years, which does not even amount to half of his sentence, and he has not presented anything that could be considered an extraordinary and compelling reason that would justify compassionate release.

**<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Quincy Lee Jynes's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* **(Rec. Doc. 660)** is **DENIED**.

New Orleans, Louisiana, this 14th day of May, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE